No. 15,382.

NELSON *v.* NELSON.
(144 P. [2d] 775)

Decided January 17, 1944.

Mr. JOEL E. STONE, Mr. S. W. JOHNSON, for plaintiff in error.

Mr. A. D. QUAINTANCE, Mr. E. B. EVANS, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS is a "renewal" of an earlier application by defendant in error for "temporary support money, court costs, suit money and attorneys' fees." The original and like application was denied July 8, 1943. On that occasion, although we did not write an opinion, we were of the view that the allegations of the application, and facts of record otherwise, unmistakably indicated that an order of the nature sought was unnecessary, or, in any event, would be futile. We are not persuaded otherwise on this re-presentation.

It is sufficient to recite that September 30, 1936, defendant in error sued plaintiff in error for "divorce, temporary and permanent alimony, attorney's fees and court costs," and on the same day plaintiff in error acknowledged service of process; that October 24, 1936, plaintiff in error filed an answer, in which he admitted the marriage and other formal and jurisdictional allegations, and denied cruelty, the gravamen of the charge for divorce; that from the inception of the case until the filing of a stipulation next to be noted, plaintiff in error, proceeding without order of court, paid defendant in error "moneys for her support;" that February 15, 1941, the case in the meantime having been quiescent, a written stipulation was filed, to the effect that the parties were negotiating a "settlement of the property rights and questions of alimony, court costs and attorney's fees," and that the case should be permitted to stand

until the parties have opportunity to settle such matters or proceed to trial, but apparently there was no settlement; that June 24, 1941, plaintiff in error, claiming that prior thereto he had become a resident of Nevada, instituted a proceeding for divorce in the district court of that state, and June 25, 1941, caused summons therein to be served on defendant in error in Jefferson county, this state; that July 26, 1941, defendant therein not appearing, the divorce proceeding in Nevada was tried and formal decree of divorce was entered; that subsequent thereto, plaintiff in error, leave having been granted, filed an amended answer in the Colorado divorce case, in which he pleaded the Nevada court decree in bar thereof, which, on motion of defendant in error, was stricken; that January 27, 1942, the Colorado case was tried and a verdict rendered in favor of defendant in error, whereon, proceeding January 29, 1942, the court entered an interlocutory decree of divorce, and awarded to her all the personal and real property which defendant in that suit owned or in which he was interested in Colorado, or which was otherwise brought to the attention of the court, consisting of many items, all as fully detailed in the decree therein, together with five thousand dollars "as support money and alimony pendente lite," to be paid within fifteen days; that February 17, 1943, the Colorado court entered its decree making the order for divorce final and decreed that within thirty days plaintiff in error should pay defendant in error "as and for alimony settlement the sum of thirty-five thousand dollars ($35,000)," and within same period "the sum of three thousand five hundred dollars ($3,500) as and for the use of A. D. Quaintance, attorney for the plaintiff."

It further appears that September 5, 1941, the district court ordered plaintiff in error to pay two hundred fifty dollars into the registry of the court for defendant in error, "being $100.00 support money and $50.00 suit money" for her, "and $100.00 as attorney's fees" for her

attorney; that September 20, 1941, on petition of defendant in error, the court issued citation requiring plaintiff in error to be and appear before the court September 27, 1941, then and there to show cause why he had not complied with the court's order of September 5, 1941; that September 24, 1941, it was stipulated that "defendant is not within the boundaries of the state of Colorado and that it would be useless to attempt to serve the citation of contempt upon him," and that the matter be continued; that October 24, 1941, the court ordered the payment of an additional one hundred dollars to defendant in error, and one hundred dollars to her counsel; that January 29, 1942, the court entered formal judgment against plaintiff in error on its earlier interlocutory order in the sum of five thousand dollars; that February 20, 1942, the court, predicating its order on the premise that defendant in error's counsel already had been paid two hundred dollars, when the court had understood otherwise, reduced the allowance of $3,500 in that regard to $3,300; that April 17, 1943, the court entered formal judgment in favor of defendant in error in the sum of $35,000.00, and in favor of A. D. Quaintance in the sum of $3,300.00.

The review sought by plaintiff in error pertains to the final decree, of which the judgments in the sums last above set forth, were part, but stay thereof has not been sought or ordered. The five thousand dollar judgment and attorney fees ordered in the aggregate sum of two hundred dollars, of earlier entry, have not been paid, nor are they challenged by the writ of error.

Since, admittedly, plaintiff in error is not personally within our jurisdiction, it would be futile for us to make orders of the nature sought. Besides, since the district court has made orders and given judgment in sums more than ample to meet the demands sought by this application, existing and unchallenged, its writs would be quite as effective as ours, and its sheriffs, officers and

trial facilities make it a preferable tribunal for disposition of the involved proceedings.

While, for the reasons stated, we adhere to our previous order of denial of this application, nevertheless, should defendant in error and her counsel desire to make avail thereof, we are disposed to ease her burdens to the extent of permitting the filing of typewritten supplemental abstract of record and brief. In any event, and however prepared, she may have fifteen days from the date of the announcement of this opinion within which to file supplemental abstract as advised, and fifteen days from the date of that filing within which to file her brief.

Application denied.