No. 15,382.

NELSON *v.* NELSON.
(161 P. [2d] 780)

Decided July 2, 1945.

Mr. JOEL E. STONE, Mr. SAMUEL W. JOHNSON, for plaintiff in error.

Mr. A. D. QUAINTANCE, Mr. E. B. EVANS, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BAKKE delivered the opinion of the court.

WRIT of error to review a final decree of divorce, one phase of which was before us on a previous occasion,

the opinion being reported in 112 Colorado, at page 34 (144 P. [2d] 775), where there is a sufficient statement of the facts, making a repetition here unnecessary.

The present review is at the instance of the defendant husband, in which he seeks reversal of the judgment below, and as grounds therefor urges: 1. Defendant was deprived of a fundamental right when the trial court struck his amended answer, in which the Nevada decree was pleaded, because, he asserts, said decree was entitled to full faith and credit under the federal Constitution. 2. Plaintiff was guilty of laches. 3. There was no competent evidence to support the allowance of $35,000 for the wife, and $3,500 for her attorneys.

1. We are of the opinion that any question pertaining to the Nevada decree is now academic. We say this because, whether we accept the decree of the trial court in Colorado, or the decree in Nevada, these parties are divorced, and counsel for defendant, in their oral argument before us, admitted that they were not complaining of the decree, in so far as it gave plaintiff her marital freedom; neither are they intimating here that the wife's charges of cruelty were not well-founded, nor that the Colorado court ever lost jurisdiction.

2. In view of the stipulation signed, and mentioned in our former opinion, it cannot be successfully urged that plaintiff was guilty of laches.

3. We are of the opinion that there was no competent evidence to support the judgment of $35,000 for property settlement, and $3,500 attorney fees respectively, entered in this matter. There can be no serious question but what the trial court was largely influenced by a newspaper article in which it was related that a certain fishhook manufacturing company in Denver, described therein as "largest fishhook factory in the world," it having a contract under lend lease to furnish sixty million fishhooks to Great Britain, and in which company the defendant was represented as having a substantial interest. The article does not even mention

defendant's name. The only witness to attempt to substantiate the story was the plaintiff herself, and her testimony was based entirely on heresay. This evidence although no objection was made thereto, was wholly incompetent as the basis for the allowances here in question, and as to them the judgment is reversed, except that $500 of the attorneys' fee will be allowed to stand. It will be understood, of course, that this in no way affects the judgment for $5,000, property transfers and other allowances which became final, and to review which no action was taken by defendant.

It is not to be understood that the usual continuing jurisdiction of the trial court to entertain, consider and order thereon, petition from either party alleging changed financial conditions in the premises, is in any manner affected.

The judgment of $35,000 is reversed, the attorneys' fee of $3,500 allowed by the court is reduced to $500.00, otherwise the judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.